Filed 5/2/13  P. v. Tovar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056301 |
| v. | (Super.Ct.No. RIF10002636) |
| JOE TALEVERA TOVAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge.

Affirmed with directions.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

### INTRODUCTION

On September 22, 2010, an information charged defendant and appellant Joe

Talevera Tovar and codefendants Duane Jaramillo and Anthony Rios, inmates in state

prison, with one count of assault with a deadly weapon by means of force likely to cause

1

great bodily injury. (Pen. Code, § 4501.) The information also alleged one special prior offense. (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).) The information also alleged multiple prior offenses as to the codefendants.

After a four-day jury trial, the jury found defendant guilty as to count 1. The trial court set a sentencing hearing, as well as a court trial regarding the prior offense.

At the hearing on April 01, 2011, defendant admitted the special prior and also entered a plea in case No. RIF10005536. In the instant case, the trial court sentenced defendant to two years eight months in state prison, with 102 days of credit for time served, to run consecutive with case No. RIF10005536.

However, the April 1, 2011, minute order states that the "[s]pecification of plea" is "[s]tate [p]rison 2 years 8 months," and "[d]efendant is arraigned for pronouncement of judgment." Also, the abstract of judgment shows that defendant was "convicted by" "plea"—not by a jury. We will direct the superior court to correct its April 1, 2011 minute order and the abstract of judgment to reflect that defendant was found guilty by a jury.

Defendant filed a timely notice of appeal.

**STATEMENT OF FACTS**

On January 30, 2010, Officers Gonzales and Ochoa were working as correctional officers at the California Rehabilitation Center in Norco. Officer Gonzales was supervising the "Facility 3 mini yard." Around 1:30 p.m., he heard a grunting noise and someone shouting, "CO, CO, CO." When he turned around, he saw four inmates fighting. One, later identified as the victim, was on the ground, while three other inmates

2

were assaulting him. The officer was standing about 30 to 40 feet from the fight. Officer Gonzales called a "Code 1" and ran toward the fight. There were approximately 200 to 300 inmates in the area. Once the fight began, those inmates scattered.

When Officer Gonzales was within six to 10 feet of the four inmates, he ordered them to stop fighting and to "get down" on the ground. When the inmates failed to comply, the officer used pepper spray twice; neither burst of the spray stopped the fight.

Officer Ochoa was in the main yard, which is about 30 to 40 feet away from where the fight was taking place. When Officer Ochoa heard the shouting, he ran toward the fight and told the inmates to get down. He also used pepper spray on them. Officer Gonzalez then drew his baton and struck inmate Rios on the wrist. At that time, the other two inmates, identified as Jaramillo and defendant, got down on the ground.

Neither Officer Gonzales nor Officer Ochoa saw the victim strike the other three inmates or fight back. Officer Gonzales did not know how or why the fight began. The assault lasted approximately 40 to 50 seconds and consisted of a "barrage" of rapid punches. Both officers testified that all three inmates kicked the victim, although neither officer had mentioned kicking in their reports.

All of the inmates, including the victim, were searched for weapons. No weapons were found.

The victim was bleeding, and he had numerous cuts and scratches on his face and arms. He was escorted to the infirmary, where he was examined and treated by Nurse Vuong. Nurse Vuong reported that the victim had numerous facial injuries, a swollen ear, and abrasions to his knees and elbows. The nurse did not see any bleeding or dried

3

blood or injuries to the victim's torso. The nurse then had the victim transferred to an outside hospital for further evaluation and treatment.

Defendant and the other two inmates were each escorted, by a separate officers, to the shower area of the infirmary for decontamination because they had been exposed to pepper spray.

After the decontamination process, Nurse Arthur examined the three inmates. He saw no redness on inmate Jaramillo's hands and no swelling on inmate's Rios's wrists. He did testify that he saw redness and swelling on defendant's hands. He also saw reddened areas on defendant's face, back, and torso, but he did not see any scratches or abrasions on defendant.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On February 5, 2013, defendant submitted a one-page handwritten brief. In his supplemental brief, defendant essentially argues that his counsel rendered ineffective assistance of counsel (IAC). Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

4

We hereby address defendant's IAC claim. In order to establish a claim of IAC, defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland v. Washington*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails.

When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.)

After reviewing the reporter's transcript, we note that defendant's counsel actively engaged in cross-examination of the witnesses and advocated for defendant. Moreover, after the trial but prior to sentencing, defendant requested that the court remove his defense counsel and appoint a new one. At that hearing, defendant informed the court as to why he felt his counsel was ineffective. After hearing defendant's arguments, the

5

court stated: "I believe that I watched [defense counsel] during the trial. He was prepared. He asked good cross-examination questions of the witnesses. He made good arguments on your behalf. We just met in chambers this morning. He was doing a good job wanting to get you the best deal that you could get that would wrap up all of your cases together, and wouldn't—and you wouldn't have to be sentenced to such a long sentence as you might have been otherwise. [¶] He talked the D.A. into trying to combine everything and get you a reasonable number of years, and I thought he did a good job in representing you." We agree with the trial court's assessment of defense counsel's representation of defendant.

Based on the above, we find that defense counsel did not render assistance below an objective standard of reasonableness under prevailing professional norms.

In his supplemental brief, defendant also argues, in one sentence, that he "was denied the right to cross examine the victim on the case." In this case, however, the victim did not testify and no statements made by the victim were admitted into evidence. Evidence of the assault and resulting injuries to the victim was presented by the officers who witnessed the assault and by the nurses who had examined the victim and inmates. Defendant was free to cross-examine those witnesses. The transcript shows that defense counsel actively represented defendant.

We have conducted an independent review of the record and find no arguable issues. However, as noted *ante*, the minute order and abstract of judgment incorrectly reflect that defendant was convicted via a plea and not by a jury. We have the inherent power to correct clerical errors to make records reflect the true facts. (*People v. Mitchell*

6

(2001) 26 Cal.4th 181, 185.)  Therefore, the minute order and abstract of judgment should be corrected.

## DISPOSITION

The superior court clerk is directed to correct the minute order dated April 1, 2011, and the abstract of judgment filed on April 13, 2011, to accurately reflect that defendant was convicted by a jury, and to forward copies of the corrected documents to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                                                          J.

We concur:


HOLLENHORST
            Acting P. J.


KING
                        J.

7